Below is an order of the court.

*Trish M Brown*
_____
TRISH M. BROWN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | Case No. _____ |
| | ) | |
| | ) | **Order,** drafted on: _____, |
| | ) | **Re: Relief From** (Check all that apply): |
| | ) | **Debtor Stay** **Codebtor Stay** |
| | ) | **Creditor:** _____ |
| Debtor(s) | ) | **Codebtor:** _____ |

The undersigned, _____, whose address is _____
_____, email is _____,
phone number is _____, and any OSB # is _____, presents this order based upon:

☐ The completed stipulation of the parties located at the end of this document.

☐ The oral stipulation of the parties at the hearing held on _____.

☐ The ruling of the court at the hearing held on _____.

☐ Creditor certifies that any default notice required by paragraph 5 of the order re: relief from stay entered on _____ was mailed, and that debtor(s) failed to comply with the conditions of that order. The dates and amounts of missed cure payments and the date of creditor's notice of default are as follows:

**720.90 (12/1/2018)**          Page 1 of 5

☐ Creditor certifies that no response to the motion for relief from stay filed on _____ and served on _____ was filed within the response period plus 3 days.

**IT IS ORDERED** that, except as provided in paragraph 4 below, the stay existing pursuant to 11 U.S.C. § 362(a) remains in effect as to the property described below (hereinafter "the property"):

☐ Personal property described as (e.g., 2001 Ford Taurus):

☐ Real property located at (i.e., street address):

☐ [Optional unless in rem relief granted] Exhibit A attached hereto is the legal description of the property.

**IT IS FURTHER ORDERED** that the stay is subject to the conditions marked below:

☐ 1. **Regular Payment Requirements**.

    ☐ a. Debtor(s) must deliver regular monthly payments in the amount of $_____ commencing _____ to creditor at the following address:

    ☐ b. The chapter 13 trustee must immediately pay and disburse to creditor the amount of $_____ per month from funds paid to the trustee by debtor(s), and continue each month until the plan is confirmed, at which time the plan payment terms will control. Payments made by the trustee under this order are deemed to be payments under the plan for purposes of the trustee's collection of percentage fees.

    ☐ c. Debtor(s) must pay to the trustee any and all payments required to be paid under the terms of the chapter 13 plan.

☐ 2. **Cure Payment Requirements**. Debtor(s) must cure the post-petition default of $_____ consisting of:

(e.g., $_____ in payments and $_____ in late charges for April - June 2018), as follows:

Case 15-32024-tmb13   Doc 114   Filed 07/05/19

☐ a. In equal monthly installments of $_____ each, commencing _____ and continuing thereafter through and including _____.

☐ b. By paying the sum of $_____ on or before _____, and the sum of $_____ on or before _____.

☐ c. Other (describe):

☐ 3. **Insurance Requirement(s)**. Debtor(s) must maintain insurance on the property at all times as required by the security agreement, naming _____ as the loss payee.

On or before _____ debtor(s) must provide counsel for creditor with proof of insurance.

☐ 4. **Stay Relief and Codebtor Stay Relief without Cure Opportunity**.

☐ a. Upon default in the conditions in paragraph(s) _____ creditor may file and serve a certificate of non-compliance specifying the default, together with a proposed order terminating the stay to allow creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, which the court may grant without further notice or hearing.

☐ b. The stay is terminated to allow creditor to foreclose on, and obtain possession of, the property to the extent permitted by applicable nonbankruptcy law, provided that a foreclosure sale shall not occur prior to _____.

☐ c. Creditor is granted relief from stay effective _____ to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

☐ d. Creditor is granted relief from stay to foreclose on, and obtain possession of, the property, to the extent permitted by applicable nonbankruptcy law.

☐ e. If a creditor with a senior lien on the property is granted relief from stay, creditor may file and serve a certificate identifying the senior lienholder and a proposed order terminating the stay, which the court may grant without further notice or hearing.

☐ f. Creditor is granted relief from stay to _____
_____.

☐ g. Creditor is granted in rem relief from stay with respect to the real property described above and in Exhibit A. This order shall be binding in any other case filed under 11 U.S.C. purporting to affect such real property filed not later than two (2) years after the date of the entry of this order unless the bankruptcy court in the subsequent case grants relief from this order. Any governmental unit that accepts notices of interests or liens in real property must accept a certified copy of this order for indexing and recording.

Case 15-32024-tmb13    Doc 114    Filed 07/05/19

☐ h. Creditor is granted relief from the codebtor stay, as it applies to the codebtor(s) named in the caption above, to enforce the terms of the contract and collect the deficiency balance.

☐ i. [Chapters 12 and 13 only] All disbursements by the trustee to the creditor pursuant to the plan on account of creditor's secured claim (claim no. _____) against the property must cease. Debtor(s) and creditor have agreed to this modification of the plan, and formal notice of this plan modification is not required because there is no negative effect on any nonconsenting creditor; the undersigned certifies receipt of written confirmation that debtor(s) has no objection to this paragraph.

☐ 5. **Stay Relief with Cure Opportunity**. Upon default in the checked condition(s) in paragraphs 1 - 3, creditor must serve written notice of default on     debtor(s) and     attorney for debtor(s) that gives debtor(s) _____ calendar days after the mailing of the notice to cure the default. If debtor(s) fails to cure the default in accordance with this paragraph, then creditor shall be entitled to submit a proposed order terminating the stay, which the court may grant without further notice or hearing.

    ☐ a. The notice of default may require that debtor(s) make any payment that becomes due between the date the notice of default is mailed and before the cure deadline.

    ☐ b. The notice of default may require debtor(s) to pay $_____ for the fees and costs of sending the notice.

    ☐ c. Only _____ notices of default and opportunity to cure are required per     year (calculated from date of entry of this order),     during the remainder of this case, or     (describe):


☐ 6. **Amended Proof of Claim**. Creditor must file an amended proof of claim to recover all accrued post-petition attorney fees and costs and (describe):


☐ 7. **Miscellaneous Provisions**.

    ☐ a. If creditor is granted relief from stay, the 14-day stay provided by FRBP 4001(a) is waived.

    ☐ b. Any notice that creditor's counsel must give to debtor(s)/codebtor(s), or attorney for debtor(s)/codebtor(s), pursuant to this order will not be construed as a communication under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.

☐ 8. A final hearing on creditor's motion for relief from stay will be held on _____ at _____ in _____.

☐ 9. Other:

Case 15-32024-tmb13    Doc 114    Filed 07/05/19

### ###

Presented and certified by:

_____

It is so stipulated.

Creditor's Attorney:                                      Debtor(s)'s Attorney:

_____          _____

Name: _____          Name: _____

OSB#: _____          OSB#: _____ _____

No objection to order by case trustee.          Codebtor's Attorney:

By: _____          _____

                                                        Name: _____

                                                        OSB #: _____

564  575  (9)

# PORT OF PORT TOWNSEND
## HOIST / YARD TENANCY AGREEMENT
### The Terms and Conditions Appearing on the Back Hereof Are Part of this Agreement

THIS AGREEMENT, made and entered into by and between the PORT OF PORT TOWNSEND, a corporation hereinafter called "Port", and

_____ Hereinafter called "Owner" or "Agent". WITNESSETH: For and in consideration of the providing of an hoist/ storage area for the boat or vessel hereinafter described, the owner promises and agrees to pay to the Port, the current rates payable from the first day of service commencing on _____ and continuing on or before each day thereafter until the said boat or vessel is removed from the Port property, or until some other agreement in writing is made between the parties, upon the following terms and conditions.

1. All payments due hereunder shall be made when billed by the Port or prior to termination of this Agreement, whichever is sooner. Any time that payment is 60 days past due, this agreement is breached by the owner/agent.

| 2. Name of Owner (s) | BRIAN TREECE | | |
|---|---|---|---|
| Whose residence address is: | 2550 SE 37ᵗᴴ Ave | | Portland, OR 97202 |
| And / or billing address is: | | | |

| Home Phone: 503 706-6781 | Work Phone: | Cell Phone: Same | E-mail: |
|---|---|---|---|
| Place of employment: M Realty Portland Self | | If SELF, what?: Managing Broker | |
| Emergency contact: Magi Treece | | Phone: 503 781 3770 | |
| Agent's name & address: Haven | | | |

| Vessel Name: Buoyant Girl | | Documentation #: | | WN#: | |
|---|---|---|---|---|---|
| Dimensions of Vessel Hull and Overall length: 37' | Type: Wood Sloop Spaulding | Beam: 9.5 | Draft: 6' | | Tonnage: 6 Net |
| Liveaboard?: NO | Initial if YES: (check on current rate & restroom code) | | | | |

3. The owner/agent hereby represents and warrants that he/she is acting for the true and lawful owner/agent of said boat or vessel, that there are no outstanding claims of sellers, co-owners, lenders, purchasers, or other liens or encumbrances of any kind, except:

4. Owner/Agent agrees and promises to pay all applicable taxes and fees for services provided as a result of vessel storage, excepting those otherwise mentioned in the Agreement. Furthermore, the owner/agent agrees any outstanding debts owed by him/her, or the vessel, to the Port may become part of this Agreement and must be paid accordingly. In the event that Owner has executed or may execute any other agreements with the Port; default under such other agreement shall also constitute default under this agreement.

5. The owner/agent promises and agrees that he shall hold the Port harmless from any and all claims of any other person, persons or Organizations arising from or by reason of claims of lien or title interests in or to said vessel or any of its machinery, equipment, apparatus, or apparel.

6. Immediately upon the breach of this agreement by reason of delinquency in payment, as provided in paragraph "I" hereof, the owner/agent agrees that the Port shall have full right to sell or otherwise dispose of said boat or vessel, in such manner as the Port may see fit provided only that the Port shall mail notice of such sale or disposal to the owner/agent by certified mail, no return receipt required, at his billing address above stated, at least 20 days prior to any sale or other disposal of said boat or vessel and , for the purposes of effecting the provisions of this paragraph, the owner/agent here and hereby appoints the Port, and its agents and officers, as the attorney in fact of the owner, for the purpose of selling, transferring and delivering said boat or vessel, after the 20 day notice herein provided, and to deliver over to the Port or any other purchaser to transferee a good title in written form, the same as the said owner/agent could do if personally present, and in all other ways to act in the name, place, and stead of the owner/agent in the premises, all of which shall be for the benefit of the Port, excepting that upon sale of said boat or vessel any amount in excess of the charges owed the Port, including costs of sale, shall be retained for the benefit of the owner/agent for a period of one year, after which the same shall revert to the Department of Revenue pursuant to Chapter 63.29

RCW. If the sale is for a sum less than Port charges, the Port in entitled to assert a claim for a deficiency.

7. It is understood and agreed that the Port accepts the described boat or vessel for storage, and agrees only to provide reasonable care on the part of its own agents and employees with regard thereto, and the Port assumes no liability for loss by fire, the elements, vandalism or other causes not the result of the exercise of reasonable care by agents of the Port.

8. The blocking or other support provided for the boat or vessel is done in a manner deemed most useful by Port agents, and the Port assumes no liability for damage caused by any blocking or other support, unless the owner/agent shall have given the agents of the Port advance written notice of specific support requirements for the said boat or vessel.

9. The owner/agent understands and agrees that the Port may move the vessel or boat at any time for purposes of utilizing its storage area or making changes, repairs, or alterations therein, PROVIDED that no charge shall be made to the owner/agent for such moves unless they are made by reason of moving said boat or vessel to a sales or impound of disposal area for nonpayment, in which case the normal moving charges shall apply.

10. Owner/Agent agrees to comply with all applicable Federal, State and local Laws, Statutes and Ordinances, and all rules, regulations and special instructions issued by the Port's Harbormaster or his agents. Owner/Agent will not maintain anything that may be dangerous to life or limb, or permit any objectionable noise or odor on his boat, Port premises adjacent thereto, or permit anything to be done on said premises which in any way will tend to create a nuisance or to disturb any other lessee of the Port. The owner/agent will allow the Port or its agents free access at all times to his boat for the purpose of inspection, moving the boat, mooring or remooring his boat, fighting fire or preventing any casualty or potential hazard.

11. Signature of tenant on Agreement for Hoist/Yard Tenancy shall constitute applicants admission of his familiarity with Port Regulations and Procedures (which are on the reverse side of this contract) and agreement to comply with the same.

12. Fees are due in advance on the 1ˢᵗ of each month made payable to the Port of Port Townsend.

13. Accounts will be billed monthly and payments are due within twenty (20) days of billing date. If payment of charges billed is not paid in the month for which it is billed, there shall be billed a late charge as per Port Rate Schedule currently in affect. For each month a delinquency occurs.  Initial_____

## ALL CHARGES MUST BE PAID IN FULL BEFORE VESSEL IS LAUNCHED OR CAN VACATE YARD.

| By Port Authority: | Date: 8/27/13 | Owner/Agent Signature: |
|---|---|---|
| | | Driver's License or S.S. #: OR 190665 |
| Terminated: | Date: | Owner/Agent Signature: |

1- HBW    1st/last free

### For Office Use Only:

| Lift Used: 1st | Space#: HBW | Washdown: $ 49.95 | Extra Wash: $ | Enviro. Fee: $ 25.00 |
|---|---|---|---|---|
| Hoist: $ 249.45 | WA State Sales Tax: $ 22.45 | Storage: $ | L/H Tax (30 days or more): $ | |
| Base Elec.: $ | Meter Start: | Meter End: | Kwh's Used: | |
| Tarp: $ | Balance: $ | Receipt #: Acct. #: 31664 | | |

$ $346.85 -pd 8/27/13

**Exhibit A - Page 1 of 2**

Case 15-32024-tmb13   Doc 114   Filed 07/05/19

## STRADDLE CRANE AND REPAIR AREA REGULATIONS AND PROCEDURES

1. Haul out round trip will include blocking and 30 minutes time for owner/agent to wash down boat. The owner will accomplish all washing in the designated area. Owner/Agent must provide his/her own scrub brushes and tools. Port will provide water and hose. Owner may hire Port to pressure wash boat bottom, etc. No detergents or chemicals that would cause water pollution will be allowed.

2. Boats that have been painted and are being returned to the water will be given a short interval in order to touch up holidays left by blocking.

3. Inspection haul out will be for the inspection purposes only and will not exceed ½ hour.

4. Charges for lift commence at time scheduled unless Port operator is not ready to commence lift. Time of completion is when Port operator and straddle crane or their equipment is no longer engaged in handling owner's/agent's boat.

5. Use of the straddle crane for operations other than above; will be charged at rate as approved from time to time by the Port Commission.

6. Where delay is encountered on above operations, charges shall be at rate as approved from time to time by the Port Commission.

7. Prior to lift in or other removal of any vessel from the Port area, all charges accrued for Port services shall be paid in full.

## PROCEDURES AND REGULATIONS

1. Boat owners/agents desiring to have boat handled by straddle crane must request reservation from Port.

2. Prior to making lift, owner/agent must sign a hoist/yard tenancy agreement form which will be retained in the Yard office.

3. Special care must be taken in placement of slings of straddle crane to insure no damage to hull fittings. The boat owner or his agent must signify to straddle crane operator his agreement to placement of slings and that such placement will not damage hull fittings. Port of Port Townsend will not be responsible for underwater damage caused by improper location of slings.

4. Boats with hard chines, bilge keels, rubbing strakes, rolling chocks, etc. are vulnerable to stretching of slings when hoisting. Every effort is made to avoid such damage, but boat owner/agent should not request his boat be hoisted by the straddle crane if he is not willing to assume damage by haul out in this manner.

5. All fore and aft stays and other apparatus that may interfere with hoisting of boat must be loosened or removed by owner or agent. If critical supports need to be removed, it is the owners/agents responsibility to secure them by an alternative method in order to ensure a safe haul out.

6. Boat owners/agents should, prior to lift, ensure all gear and equipment in the boat is secured against lurching or swinging of boat.

7. Port employees are not authorized to perform any work on boat other than necessary to move boats to and from water or around repair area or haven.

8. Security of boat, once placed on blocking, becomes the responsibility of the boat owner/agent.

9. Prior to haul out or boat movement, boat owner/agent should ensure that he is protected by personal liability and property damage insurance or that insurance he may already have will cover his boat haul out and storage in the repair area, including damage caused by weather and wind.

## BOAT STORAGE AREA REGULATIONS:

1. Tools, equipment and supplies must be kept aboard boat except when in use.

2. Area around boat must be kept neat and clean at all times.

3. Spray painting is not allowed unless the area is 100% contained by a shelter or draped tarp. Any paint spillage must be cleaned up immediately.

4. Empty cans, scraps of lumber, paper or other debris must be placed in waste containers and area cleaned daily prior to departure.

5. Hazardous or volatile materials or procedures which can endanger other boats and persons, is not permitted. Fires aboard boats or in the general storage area are not permitted at any time.

6. Oil, paint or other volatile liquids or debris must not be permitted to enter sanitary drains and must not be thrown overboard.

7. Sandblasting is not permitted without written approval of Hoist Supervisor and a deposit paid first. Noise regulations must be strictly followed.

8. Boat covers, equipment or accessories must be neat and tidy and present a good appearance at all times.

9. Boat owners engaged in work on their boat must take care not to interfere with the work of other boat owners in the area.

10. No oil, fuel, bilge or sewage shall be discharged in the storage yards except into containers designed for that specific purpose.

11. All liveaboards must fill out an application at the Yard office, which is good for three months at a time, and pay the appropriate fees associated with being a liveaboard. If the owner is staying on the vessel 7 out of 10 days, this is considered a liveaboard. Also, only the owner may be allowed to stay on vessel. Gray water can be disposed of at the dump stations located in the back of the restrooms at building #29.

12. Violators of these regulations will be required to remove their boat from the area within 30 days of written notice and will be required to pay for any damage or necessary clean up prior to departure.

13. All owner/agents are responsible and must ensure that all yard Best Management Practices (BMP's) are followed by everyone working on their vessel.

C:\My Documents\Hoist Yard Tenancy Agmt.doc